EASTERN PUBLISHING AND ADVERTISING INC., (A Close Corporation), t/a "Armed Forces News", Plaintiff–Appellant,

v.

CHESAPEAKE PUBLISHING AND ADVERTISING, INC., (A Close Corporation), t/a "The Military News"; Karen A. Horn; Kimberly J. Horn; Carol Whitney Ansell; Della Lemmings; Alfred E. Clasing, III; Raymond J. Cannoles; Louise Martins, Defendants–Appellees.

No. 87–1520.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 8, 1989.

Decided Feb. 9, 1990.

---

William Edward Seekford, Towson, Md., for plaintiff-appellant.

Henry R. Lord, John J. Kuchno, Piper & Marbury, Charles Martinez, and Eccleston and Wolf, Baltimore, Md., for defendants-appellees.

Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.

PER CURIAM:

This case is before us on remand from the Supreme Court, which vacated our earlier opinion, *see* 831 F.2d 488 (4th Cir.1987), and remanded for reconsideration in light of *H.J., Inc. v. Northwestern Bell Telephone Co.,* —— U.S. ——, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). *See Eastern Publishing and Advertising, Inc., t/a "Armed Forces News" v. Chesapeake Publishing and Advertising, Inc., t/a "The Military News", et al.,* —— U.S. ——, 109 S.Ct. 3234, 106 L.Ed.2d 582 (1989).

The issue upon which the Supreme Court granted certiorari was whether, as we earlier held, the district court properly dismissed Eastern's civil RICO claim for failure of the complaint to allege a "pattern" of racketeering activity. Our reconsideration has therefore been limited to whether, in light of *H.J., Inc.,* we erred in our holding on that issue.

Upon reconsideration, with the benefit of supplemental briefing by the parties, we have concluded that *H.J., Inc.* does not require any revision of our original opinion on that issue, and that it should therefore stand as the decision of this court.

Essentially, we conclude that our analysis of the insufficiency of the "pattern" allegations in our earlier opinion, *see* 831 F.2d at 491–93, remains sound and unaffected by the Supreme Court's opinion in *H.J., Inc.* Our earlier analysis rested on a perception that though the complaint alleged the requisite number of predicate acts of mail and wire fraud, and a sufficient relationship between them, it failed to allege sufficient continuity or threat of continuity to constitute the type "pattern" of activity contemplated by the RICO statute. As we had in earlier decisions, we identified as a significant feature of the activities alleged that they amounted in the end to no more than "a single, non-recurring scheme to defraud a single entity by taking unfair competitive advantage in a quite narrow business context." *Id.* at 492.

The aspect of *H.J., Inc.* that touches most directly upon our analysis is the Court's emphasis that sufficient continuity or threat of continuity to satisfy that element of the pattern requirement may be found even in "closed-ended" single "schemes." In particular, the Court emphasized that the sheer duration of such a scheme, even though it had been brought to fruition and was "closed," might suffice

to demonstrate a threat of recurrence, hence "continuity." *See H.J., Inc.,* 109 S.Ct. at 2902 (closed-ended activity "over a substantial period of time").

We have carefully considered the implications of this emphasis in *H.J., Inc.* for our earlier analysis, and are satisfied that it does not require rejection of that analysis. Here, the activities upon which plaintiffs relied as establishing a "pattern" lasted and were brought to fruition with the accomplishment of their limited purpose over a period of only three months—from March through April 1986. All the predicate acts of mail and wire fraud alleged occurred within that period, and the alleged end purpose of the activities was allegedly then accomplished.

We adhere to our earlier opinion that the "closed-ended" scheme to defraud here alleged did not demonstrate the requisite continuity or threat of continuity—either by its intrinsic nature or sheer duration—to constitute a "pattern" of "racketeering activity" within the meaning of the civil RICO statute. *Cf. Walk v. The Baltimore & Ohio RR,* 890 F.2d 688 (4th Cir.1989) (finding sufficient continuity in ten years duration of closed-ended scheme, on remand from Supreme Court for reconsideration in light of *H.J., Inc.*).

And on that basis, we adhere to our affirmance of the district court judgment.

SO ORDERED.